**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 03 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JILL DORAN-SLEVIN,<br><br>              Plaintiff-Appellee,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>              Defendant-Appellant. | No.    15-35093<br><br>D.C. No.<br>2:12-cv-00068-SEH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, Senior District Judge, Presiding

Argued and Submitted April 3, 2017
Seattle, Washington

Before:    KOZINSKI and W. FLETCHER, Circuit Judges, and TUNHEIM,[**]
Chief District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable John R. Tunheim, Chief United States District Court Judge for the District of Minnesota, sitting by designation.

Jill Doran-Slevin appeals the district court's denial of her motion for judgment as a matter of law and its grant of judgment as a matter of law to United Parcel Service, Inc. ("UPS") regarding her retaliation claim, the district court's grant of judgment as a matter of law to UPS on her wrongful discharge claims in violation of public policy and written personnel policies, and the district court's jury instructions on her wrongful discharge without good cause claim. Doran-Slevin also requests a new trial on the grounds of district court bias. We affirm.

First, issues not preserved in the pretrial order are eliminated from the action. *Hunt v. Cty. of Orange*, 672 F.3d 606, 617 (9th Cir. 2012). Here, the pretrial order limited the retaliation claims to a theory that UPS terminated Doran-Slevin in retaliation for a discrimination claim Doran-Slevin filed with the EEOC. It is undisputed that UPS did not learn about the EEOC claim prior to terminating Doran-Slevin, and UPS objected to Doran-Slevin expanding her retaliation claims beyond the theory in the pretrial order. Thus, the district court did not err in granting UPS judgment as a matter of law, as no reasonable juror could have determined UPS terminated Doran-Slevin based on the EEOC claim.

Second, a discharge is wrongful if "the employer violated the express provisions of its own written personnel policy." Mont. Code Ann. § 39-2-904(1)(c). In response to Doran-Slevin's April 2012 letter, UPS followed its

2

Employee Dispute Resolution ("EDR") program by conducting an investigation, and the program did not prohibit UPS from terminating Doran-Slevin for a reason separate and unrelated to that letter. Additionally, Doran-Slevin's May 2012 letter written in response to UPS's proposed separation agreement and for the purpose of "working towards resolution through [a] separation agreement" did not trigger the application of the EDR program. Thus, the district court did not err in granting UPS judgment as a matter of law.

Third, the jury instructions regarding discharge for a legitimate business reason, discharge for failure to obey lawful directives, and an employee's obligation to obey the employer accurately reflected Montana law. Mont. Code Ann. § 39-2-404; *Mysse v. Martens*, 926 P.2d 765, 769-71 (Mont. 1996); *Buck v. Billings Mont. Chevrolet, Inc.*, 811 P.2d 537, 540 (Mont. 1991). Additionally, Doran-Slevin did not offer any authority as to why the jury instruction that all parties, including a corporation, are equal before the law is inapplicable or prejudicial.

Fourth, "judicial comments on the evidence are permissible," and when counsel did not object to allegedly improper statements, the Court reviews only for plain error. *United States v. Spencer*, 1 F.3d 742, 746 (9th Cir. 1992). As Doran-Slevin's counsel did not object to the district court's comments and because the

3

record supported those statements, the Court finds no plain error in admonishing Doran-Slevin's counsel for speculatively arguing that UPS desired that Doran-Slevin would admit fault, contending UPS failed to follow its EDR program when that claim was no longer an issue in the case, attempting to ask a witness about matters not in the record, and stating counsel's personal opinion as to the credibility of witnesses.

**AFFIRMED.**